HOWARD *et al.*, *vs.* MARINE BANK OF GEORGIA *et al.*

When all material allegations in a bill, and the statements upon which the equity of the bill is based, are fully met and denied by the answer, and there is no special reason for retaining the injunction, it will be dissolved.

In Equity, from Muscogee county. Decision by Judge WORRILL, May Term, 1859.

This bill was filed by the plaintiffs in error, against the defendants, to enjoin a suit at law, in favor of the Marine

Bank against the plaintiffs in error, as endorsers of a certain draft.

The complainants alleged, that about the first of October, 1855, they, John W. Howard, Henry T. Hall and John C. Reese, in connection with Milledge McKinney, who was then book-keeper in the Agency of the Marine Bank, at Columbus, of which Richard Patten was then agent, formed a company under the name of the Union Dray-Line Company, for the purpose of carrying on the business of common carriers; that said company put in a cash capital of $3,000 00, and appointed the said McKinney to act as treasurer, and said John W. Howard to act as the general agent thereof. That McKinney opened an account for said company with the Agency of the Marine Bank, and drew all checks for it, on account of the said company. After the company organized, they purchased some forty or forty-five mules, drays, etc., and commenced the business of common carriers, and did a large business—a profitable one, as complainants supposed. That all the receipts of the business, amounting to some forty or fifty thousand dollars, were paid over to said treasurer, and by him deposited in said Marine Bank, and by him checked out from time to time. A part of the mules were purchased on credit and paid for by bills drawn by said Howard, as agent of the company, and deposited and discounted in the said Agency of the Marine Bank, and afterwards paid off by funds deposited by said treasurer to their credit. That said McKinney continued to keep said account in the said Bank Agency, of which he was the chief bookkeeper; and that without the knowledge, consent or privity of complainants, he overchecked said account as he informed them in 1856, but that they could not understand why it was done; that said McKinney, by the advice of the said Patten, agent, called on complainants and solicited them to endorse the draft of John W. Howard, agent, for $10,000 00 at 45 days, in order, as McKinney stated, to make good the account of said company at said bank; that the complainants, Reese and Hall, expressly refused to do so, and then consented, upon the promise of McKinney, who was then and there an officer of said bank, and who had been sent to them by said Patten, agent, and who, in taking said draft, was acting by the authority of said bank, that the endorsers would not be looked to, and should never hear anything

of said draft, but that it would be paid out of the assets of the said Dray Line Company, of which there was then an ample amount to pay said draft, the particulars of which assets, their value, etc., were well known to said Patten, agent.

The complainants charge, that it was only on the assurance that the sum of $10,000 00 was due to the Marine Bank by their Company, and that they would not be looked to *individually* on said draft, that they consented to endorse the same. Further, that they had just ascertained that this draft was obtained from them by misrepresentation; that there was, in fact, nothing at the time but a small balance of a few hundred dollars due to the said Bank by said Company, which was paid off before the commencement of the suit by said bank; and that their account was balanced in May, 1856, by the discounting a note or bill of exchange negotiated with said bank, and for which said Union Dray Line Company was in no way liable, and with which said Company had no privity, as the said Patten, agent, well knew. Who drew the bill they do not know, not being acquainted with the particulars, but charge that the same was made by said McKinney without the knowledge or consent of their said Company, and that said bank knew this to be so. It is further alleged; that the assets of the said Company, on the faith of which they agreed to become liable on said draft, now sued on, have been applied, by said McKinney, to the payment of other debts to said bank, the said bank well knowing when said payments were made, that they were made with the proceeds of the said Company; they charge that said endorsements were made on the faith of said assets, and the promise of said McKinney to pay the draft of $10,000 00, now in suit.

The injunction having been granted, the defendants filed their answers, admitting all the facts all the facts as to the organization of the Union Dray Line Company, the appointment of certain officers, the keeping of their account in said Bank Agency, the over-drawing by their treasurer, and the taking of a draft to settle the same; but they deny all the other facts and circumstances charged, and upon which the equity of the bill was based.

The bank denies that said McKinney made any arrangements with complainants respecting said draft for or in account of said bank, or that he was authorized so to do. Mc-

Kinney, on his part, answers in detail all the charges in the bill, and especially denies that when he asked complainants to endorse said draft, he promised them it should not come against them, or that they should not hear of it again. He says that the said Company was indebted to the bank at that time, to the amount of said draft on account of overdraws. That when he went to complainants to get them to endorse the draft, he did so, not at the instance or with the knowledge of said Patten, agent, but as a mode of having the Company's account with the bank settled, the said Patten, agent, requiring such settlement to be made. He denies any wrongful appropriation of the assets in his hands, and all fraud, concealment, or misrepresentation.

Defendants' counsel, on the coming in of these answers, moved to dissolve the injunction, on the ground that said answers denied the equity in the bill.

The Court sustained the motion, dissolved the injunction, and complainants excepted.

R. J. Moses, for plaintiff in error.

Dougherty, for defendant.

*By the Court.*—Lumpkin, J., delivering the opinion.

We think the Court was right in dissolving the injunction in this case.

It is conceded that all the statements in the bill, as to the declarations and promises of Patten, made to the complainants, are fully met and denied. And while it is literally true, that the account due the bank was nearly balanced by the bill of exchange drawn in May, 1856, still the actual indebtedness of the Company to the bank was not discharged by that transaction. It was no payment by the Company. It is not pretended that their funds were appropriated at that time for that purpose.

The answer of Milledge McKinney, who was the book-keeper of the bank, and the Treasurer of the Union Dray

Line Company, and who kept their accounts, denies, most positively, every allegation in the bill. His answer can be read in the trial of the common law action, and Patten is a competent witness for the complainants. There is no reason, therefore, why the injunction should be retained.